AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PINNACLE INSURANCE COMPANY, INC.,
Plaintiff,

V.

AMERICAN RE-INSURANCE COMPANY,
Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: SA CV 03-378
Central District of
California
Southern Division

TO: Resolutions LLC
c/o Professor Eric Green
222 Berkeley Street - Suite 1060
Boston, MA 02116

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Rider.

| PLACE | DATE AND TIME |
|---|---|
| Bates & Carey 333 West Wacker Drive - Suite 900, Chicago, IL 60606 | February 9, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
/s/ Adam F. Fleischer   Attorney for Defendant

DATE 1/12/04

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adam Fleischer, 333 W. Wacker, #900, Chicago, IL 60606   (312) 762-3130

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 12, 2004 | 222 Berkeley Street – Suite 1060<br>Boston, MA 02116 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Resolutions LLC<br>c/o Professor Eric Green | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Adam H. Fleischer | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   January 12, 2004
                    DATE

SIGNATURE OF SERVER   /s/ Adam Fleischer

ADDRESS OF SERVER    Bates & Carey
                     333 West Wacker Drive – Suite 900
                     Chicago, IL 60606

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER TO RESOLUTIONS LLC SUBPOENA

### Definitions

1. "Amax Gold" means Amax Gold, Inc., the company which, on behalf of Compania Minera Maricunga ("CMM"), participated in mediation with Fluor in 1998 and 1999.

2. "Communication" or "communications" mean, without limitation, each statement, question, exclamation, utterance, expression, dialogue, representation, discussion, conversation, correspondence, dialogue, interview, meeting, memoranda, negotiation, note, understanding or agreement, whether oral, written, or recorded, and expressly includes every auditory, mechanical, electronic, or other manner of transmitting or receiving the same.

3. "CMM" means Compania Minera Maricunga (including its agents, employees, and representatives) the company that brought a claim against Fluor pursuant to Fluor's investment in the Verde Gold mine project in Maricunga, Chile.

4. "Document" or "documents" mean the original (or an identical duplicate if the original is not available), and every copy of any original that differs in any way from any original, of writings, records, and "electronic data" (as defined below) of every kind and description that are fixed in any form of physical media. "Physical media" include, without limitation, paper media, phonographic media, photographic film media (including, without limitation, hard disks, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which memorandum, correspondence, electronic mail, report, note, message, telephone calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission, contract, invoice, record of purchase or sale, teletype message, chart, graph, index, directory, computer directory, computer disk,

computer tape, or any other written, printed, typed, punched, taped, filmed, computer disc, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter, however produced or reproduced.

5. "Electronic data" means the original (or an identical duplicate if the original is not available), and every copy of any original that differs in any way from any original, of writings or records of every kind and description, whether inscribed by mechanical, facsimile, electronic magnetic, digital, or other means. Electronic data includes, without limitation: (a) computer programs, programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, word processing program or database (including, without limitation, DaVinci, PROSS and/or CIGNA Risk Info Systems), spreadsheet, database file, charts, graphs, and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, and/or ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether the electronic data consists of an active file, deleted file or file fragment; and (b) any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip disks, magnetic tapes, microfiche, punched cards, punched tape, computer chips (including, without limitation, EPFROM, PROM, RAM, and ROM), or in any other vehicle for digital data storage and or transmission (including, without limitation, DaVinci, PROSS, and/or CIGNA Risk Info Systems).

6. "Fluor" means Fluor Corporation, its subsidiaries and affiliated companies, including but not limited to Fluor Daniel Chile Ingenieria y Construccion SA and Fluor Daniel Wright, Ltd.

2

7. "Mediation" means the mediation that occurred between Fluor and Amax Gold in 1998 and 1999 involving the CMM claim.

8. "Pinnacle" means Pinnacle Insurance Company, its agents, employees, and representatives.

9. "Referring or relating to," "refers or relates to," or "concerning" mean directly or indirectly evidencing, consisting of, reporting on or with respect to, showing or indicating knowledge of, pertaining to, being connected with, mentioning, describing, containing, disclosing, summarizing, reflecting, or constituting a stated subject matter or thing.

10. "CMM Claim" means CMM's request for damages from Fluor arising from Fluor's involvement in the Verde Gold Mine Project in Maricunga, Chile.

11. "You" or "Your" means Resolutions LLC, its agents and employees, including but not limited to Eric Green.

## DOCUMENTS TO BE PRODUCED

1. All documents and communications, including electronic data, in your care, custody, or control which refer or relate to the Mediation, including, but not limited to:

   (a) Your complete file of the Mediation;

   (b) Pleadings, mediation statements, mediation proposals, communications, or other documents submitted to You by either Fluor or Amax Gold;

   (c) Communications or notes memorializing communications between You and Fluor relating to the CMM Claim;

   (d) Communications or notes memorializing communications between You and CMM and/or Amax Gold relating to the CMM Claim;

   (e) All notes, memoranda, or other documents relating to the CMM claims settlement negotiations.

3

DATED: January 12, 2004

ROBERT J. BATES, JR.
ADAM H. FLEISCHER
BATES & CAREY
333 West Wacker Drive -Suite 900
Chicago, IL 60606
312-762-3100

_Adam Fleischer_

Adam H. Fleischer
One of the Attorneys for Defendant
American Re-Insurance Company

X:\1276\DISCOVER\Rider to Green Subpoena.doc

4