UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PINNACLE INSURANCE COMPANY, INC., | \* |
| Plaintiff | \*  MISC. BUSINESS DOCKET No. |
| v. | \* |
| AMERICAN RE-INSURANCE COMPANY, | \* |
| Defendant | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY DEPONENT RESOLUTIONS, LLC TO QUASH DEPOSITION SUBPOENA DUCES TECUM

Resolutions, LLC, a business in Boston in this district, has moved that this Court quash a subpoena *duces tecum* by American Re-insurance Company because the subpoena seeks disclosure of a mediator's notes and case file, which are protected from disclosure pursuant to G.L.c. 233, § 23(c). Therefore, in accordance with Rule 45(c) (3) (A) (ii), Resolutions, LLC asks this Court to quash the subpoena *duces tecum* because it seeks the disclosure of privileged and other protected material.

### Relevant Facts

The subpoena at issue was served on the Boston-based mediation firm Resolutions, LLC. In 1998, Resolutions, LLC, through its principal, Eric D. Green, provided mediation services in a civil dispute between Compania Minera Maricunga and Fluor Daniel, Inc. The parties to that mediation formally agreed that all information relating to the mediation would be kept confidential. Now, in a different lawsuit, American Re-insurance which was not a party to the

1

the protections of this statute. By requesting the mediation case file, communications with the mediator, draft settlement agreements, and the mediator's note, American Re-insurance is here seeking documents which are barred from discovery by the plain language of this statute.

Moreover, American Re-insurance is also wrongfully seeking documents which pertain to settlement negotiations. Separate and apart from the protection afforded to these documents under the statute, documents relating to settlement negotiations enjoy a sweeping and long-standing common law protection in Massachusetts. See Enga v. Sparks 350 Mass. 120 (1962); Garber v. Levine, 250 Mass. 485 (1925). This settled rule pertains by reason of the widely-recognized mediation privilege. Jaffee v. Redmond, 518 U.S. 1, 13 (1996), Folb v. Motion Picture Industry Pension and Health Plans, 16 F.Supp.2d 1164 (C.D. Calif. 1998); In the Matter of RDM Sports Group, Inc., et. al., 277 B.R. 415, 2002 Bankr. LEXIS 468 (U.S. Bkcy Ct., N.D.Ga. 2002).

    **B.**    **The Common Interest Doctrine Does Not Apply Because American Re-insurance and Fluor Were Not Represented By the Same Counsel in the Underlying Action and The Subpoena Is Seeking Disclosure of the Mediator's Work Product.**

Any assertion that American Re-insurance is entitled to the documents at issue because of a purported "common interest" between American Re-insurance and Fluor is entirely without merit for two reasons. First, the parties were not represented by the same counsel in the underlying action. Second, the subpoena seeks disclosure of the mediator's work product, not the work product of the attorney for the insured.

The majority of courts have concluded that the common interest doctrine operates as an exception to the attorney-client privilege only if both parties were actually represented by the same attorney in the underlying action. Frontier Refining Inc. v. Gordon-Rupp Co., Inc., 136 F.3d 695, 705 (10th Cir. 1998) ["A growing majority of courts appear to reject the applicability of

the [common interest] doctrine unless the current adversaries were actually represented by the same attorney in the prior litigation"; Hoechst Celanese Corp. v. National Union Fire Ins. Co. of Pittsburg, 623 A.3d 1187, 1124 (Del. Super. 1992) [the parties must truly be or have been joint clients of the same counsel, retained, or consulted in common]. Dedham-Westwood Water Dist. v. National Union Fire Ins. Co. of Pittsburgh, 2000 WL 335493142 (Mass. Super. 2000). Here, American Re-insurance never participated in any fashion in the defense of the underlying case, nor did it retain or consult an attorney in common with Flour. Therefore, it is barred from asserting a common interest with Fluor as to the underlying action.

Second, the "common-interest" privilege is inapposite to the subpoena served on Resolutions, LLC because it seeks disclosure of the mediator's work product and case file. These documents would remain protected even if the interests of American Re-insurance and Fluor were identically aligned.

## Conclusion

For the foregoing reasons, Resolutions, LLC requests that this Court quash the subpoena issued by American Re-Insurance Company.

Respectfully submitted,

**RESOLUTIONS, LLC**

by its attorneys,

_____
David S. Mortensen (BBO # 357080)
Amy M. McCallen (BBO # 643567)
Pepe & Hazard LLP
225 Franklin Street
Boston, Massachusetts 02110
Tel: (617) 748-5500
Fax: (617) 748-5555

DATED: May 14, 2004

## CERTIFICATE OF SERVICE

I, Linda P. Phomsouvanh, hereby certify that I have this day served copies of the foregoing Memorandum of Law in Support of Non-Party Deponent Resolutions, LLC to Quash Deposition Subpoena *Duces Tecum* upon the parties to the underlying action by sending copies thereof via facsimile transmission and by U.S. Mail, by their respective counsel as follows:

> Diana S. Casey, Esq.
> Latham & Watkins LLP
> 600 West Broadway, Suite 1800
> San Diego, CA 92101
> Fax: (619) 696-7419
> Attorneys for plaintiff Pinnacle Insurance Company, Inc.

and

> Adam H. Fleischer, Esq.
> Baker & Carey
> 333 West Wacker Drive, Suite 900
> Chicago, Illinois 60606
> Fax: (312) 762-3200
> Attorneys for defendant American Re-insurance Company

DATED: May 14, 2004

_____
Linda P. Phomsouvanh